RECEIVED

MAR 17 2025

KELLY L. STEPHENS, Clerk

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

TAMARA SOBOLEWSKI, Plaintiff-Appellant,

v.

FORD MOTOR COMPANY, Defendant-Appellee.

RECEIVED

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Case No. 1:24-cv-01396

## BRIEF FOR THE APPELLANT

## TABLE OF CONTENTS

I.      Jurisdictional Statement

II.     Issues Presented for Review

III.    Statement of the Case

IV.     Summary of the Argument

V.      Argument

        A.      The District Court Erred in Dismissing Appellant's Claims as Time-

        Barred

                1.      Equitable Tolling is Justified Based on Mental Health

                Challenges and Procedural Barriers

                2.      Appellant's Reliance on Union Representation and Good-Faith

                Efforts Justify Tolling

        B.      The District Court Erred in Finding Appellant's Claims Unexhausted

                1.      Appellant Substantially Complied with Administrative

                Requirements

1

    2.    Hostile Work Environment and Union Mismanagement

Excused Exhaustion

C.    Additional Legal Errors Supporting Reversal

    1.    Procedural Due Process Violations

    2.    Failure to Accommodate Disabilities

    3.    Retaliation for Protected Activities

    4.    Hostile Work Environment

    5.    Domination Of Our Labor Organization

    6.    Failure to Meet the Burden of Proof

    7.    Unequal Treatment and Disparate Impact

    8.    Futility of Administrative Remedies

    9.    Severe Emotional Distress

    10.    Hostile Work Environment and Cognitive Impairment

    11.    Denial of Due Process Protections

VI.    Conclusion and Prayer for Relief

VII.    Table of Authorities

ADA Title I (Employment): 42 U.S.C. §§ 12111–12117 (2018); Title II (Public

Services): 42 U.S.C. §§ 12131–12165 (2018); Title III (Public Accommodations):

42 U.S.C. §§ 12181–12189 (2018)...........................................12, 13, 14, 16

2

*Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1179 (6th Cir. 1995).....8, 12

*Cardiner v. Provident Life & Accident Ins. Co., 158 F. Supp. 2d 1088 (N.D. Cal. 2001)*..........................................................................................16

*Clay v. Wall, 2005 U.S. Dist. LEXIS 12345 (D.R.I. 2005)*..............................16

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)............................11

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985) ...............11,17

*Gill v. UNUM Life Ins. Co. of Am., No. 19-cv-04066-EMC, 2020 U.S. Dist. LEXIS 219416 (N.D. Cal. Nov. 23, 2020)*.......................................................16

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)..................................................................................9

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).....................................13

*McDonnell Douglas Corp. v. Green* 411 U.S. 792 (1973) ..............................14

*McDonald v. West Branch*, 466 U.S. 284, 290 (1984)...................................15

*Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).............12

Section 8(a)(2) of the National Labor Relations Act......................................13

Title VII................................................................... 12, 13, 14, 16

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)..............14

*United States v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America*, No. 20-cv-13293 (E.D. Mich.)......10

*Vaca v. Sipes*, 386 U.S. 171 (1967)..................................................11, 13

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

TAMARA SOBOLEWSKI, Plaintiff-Appellant,

v.

FORD MOTOR COMPANY, Defendant-Appellee.

Case No. 1:24-cv-01396

BRIEF FOR THE APPELLANT

TABLE OF CONTENTS

I.      Jurisdictional Statement

II.     Issues Presented for Review

III.    Statement of the Case

IV.     Summary of the Argument

V.      Argument

        A.    The District Court Erred in Dismissing Appellant's Claims as Time-

        Barred

                1.    Equitable Tolling is Justified Based on Mental Health

                Challenges and Procedural Barriers

                2.    Appellant's Reliance on Union Representation and Good-Faith

                Efforts Justify Tolling

        B.    The District Court Erred in Finding Appellant's Claims Unexhausted

                1.    Appellant Substantially Complied with Administrative

                Requirements

2.    Hostile Work Environment and Union Mismanagement

Excused Exhaustion

C.    Additional Legal Errors Supporting Reversal

1.    Procedural Due Process Violations

2.    Failure to Accommodate Disabilities

3.    Retaliation for Protected Activities

4.    Hostile Work Environment

5.    Domination Of Our Labor Organization

6.    Failure to Meet the Burden of Proof

7.    Unequal Treatment and Disparate Impact

8.    Futility of Administrative Remedies

9.    Severe Emotional Distress

10.    Hostile Work Environment and Cognitive Impairment

11.    Denial of Due Process Protections

VI.    Conclusion and Prayer for Relief

VII.    Table of Authorities

ADA Title I (Employment): 42 U.S.C. §§ 12111–12117 (2018); Title II (Public

Services): 42 U.S.C. §§ 12131–12165 (2018); Title III (Public Accommodations):

42 U.S.C. §§ 12181–12189 (2018)..........................................12, 13, 14, 16

*Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1179 (6th Cir. 1995).....8, 12

*Cardiner v. Provident Life & Accident Ins. Co., 158 F. Supp. 2d 1088 (N.D. Cal. 2001)*..............................................................................16

*Clay v. Wall, 2005 U.S. Dist. LEXIS 12345 (D.R.I. 2005)*............................16

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)...........................11

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985) ...............11,17

*Gill v. UNUM Life Ins. Co. of Am., No. 19-cv-04066-EMC, 2020 U.S. Dist. LEXIS 219416 (N.D. Cal. Nov. 23, 2020)*.......................................................16

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)..........................................................................9

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)...................................13

*McDonnell Douglas Corp. v. Green* 411 U.S. 792 (1973) .............................14

*McDonald v. West Branch*, 466 U.S. 284, 290 (1984)...................................15

*Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).............12

Section 8(a)(2) of the National Labor Relations Act......................................13

Title VII........................................................... 12, 13, 14, 16

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).............14

*United States v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America*, No. 20-cv-13293 (E.D. Mich.)......10

*Vaca v. Sipes*, 386 U.S. 171 (1967)...............................................11, 13

3

*Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 377 (6th Cir. 2002)......10

*Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983)........................15

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)......................10

## I. JURISDICTIONAL STATEMENT

The district court had authority under 28 U.S.C. § 1331, as this case arises under

federal statutes, including the Americans with Disabilities Act (ADA), Title VII of

the Civil Rights Act of 1964, and other applicable laws. The court's dismissal order

constitutes a final judgment. This Court has authority under 28 U.S.C. § 1291.

## II. ISSUES PRESENTED FOR REVIEW

1. Did the district court err in dismissing Appellant's claims as time-barred, where equitable tolling should apply due to Appellant's mental health challenges, reliance on union representation, and diligent efforts to secure legal counsel?

2. Did the district court err in finding Appellant's claims unexhausted, where Appellant substantially complied with administrative requirements and faced procedural barriers created by her employer and union?

3. Did the district court err by failing to address procedural due process violations, retaliation, and failure to accommodate disabilities under the ADA and Title VII?

4. Should the Ohio Civil Rights Commission's determinations be reversed or remanded for judicial review due to procedural deficiencies or failure to consider material evidence?

5. Did Ford's actions cause severe emotional distress, meeting the legal standard for recovery under Ohio law?

6. Did the hostile work environment impair Appellant's cognitive functioning, contributing to her inability to respond effectively to allegations and exacerbating her mental health conditions?

7. Did Ford violate procedural due process protections by failing to provide adequate notice, a fair hearing, and impartial representation in Appellant's termination?

## III. STATEMENT OF THE CASE

Appellant, Tamara Sobolewski, worked for Ford Motor Company for over 27 years before her termination on March 2, 2020, which she alleges was discriminatory and retaliatory. Appellant suffers from bipolar disorder, social phobia, and acute stress disorder, conditions that significantly impacted her ability to manage legal and administrative processes.

Appellant made good-faith efforts to pursue her claims. She reported harassment and discrimination through Ford's internal hotline, her coworkers filed grievances with their union, and they sought resolution through administrative channels.

However, the union's handling of grievances (i.e., No. JW20TS) and its eventual withdrawal impeded her ability to proceed further. Additionally, over a dozen attorneys declined to represent her, leaving her to navigate complex legal processes on her own.

The Ohio Civil Rights Commission (OCRC) issued determinations related to Appellant's claims, but the process failed to consider key evidence supporting her case. Judicial review is warranted to ensure fairness and proper evaluation of the claims.

Appellant has appealed to our UAW Administration regarding specialized staff Bob Tiseo's withdrawal of Grievance No. JW20TS. No decision has been issued on that appeal, further highlighting the ongoing procedural barriers Appellant faces.

Ford's actions caused Appellant severe emotional distress, including anxiety, depression, social isolation, financial dependence on family members, and more. These consequences warrant consideration under Ohio law for intentional infliction of emotional distress.

The hostile work environment at Ford and the grievance process impaired Appellant's cognitive functioning, making it more difficult for her to respond effectively to the allegations against her, assert her rights, and impairments exacerbated her mental health conditions.

6

The district court dismissed Appellant's claims on December 26, 2024, as time-barred and unexhausted. This appeal follows.

IV. SUMMARY OF THE ARGUMENT

The district court erred in granting Ford Motor Company's motion to dismiss. Appellant's claims should not have been dismissed as time-barred because equitable tolling applies. Her mental health challenges, reliance on union representation, and diligent efforts to secure legal counsel constitute extraordinary circumstances that prevented timely filing.

Furthermore, Appellant substantially complied with administrative exhaustion requirements. Procedural barriers, including the union's withdrawal of Grievance Nos. TS4142011, BM0114TS, JW10318TS, CC343731, SS13119, SS2719TS, SS21219TS, TS15KK, TS1022JB, JW20TS and the hostile work environment created by Ford, excused any deficiencies in exhaustion. These factors demonstrate that dismissal was improper, and Appellant's case should proceed on the merits. Additionally, the district court failed to consider Appellant's claims of procedural due process violations, retaliation, failure to accommodate disabilities, and Ford's domination of our union. These claims merit review and reversal of the dismissal. Ford's conduct also caused severe emotional distress. The extreme and outrageous actions, including false allegations and termination without cause, resulted in significant mental, emotional, and financial harm to the Appellant. Ohio law

supports recovery for such distress where the conduct was intentional or reckless, and the resulting harm was severe.

Finally, the severe adverse actions by Ford impaired the Appellant's ability to think clearly and respond effectively to allegations and to the OCRC, further exacerbating her mental health conditions and limited her ability to advocate for herself. Judicial review of the OCRC determinations is also warranted. The OCRC's failure to consider material evidence, coupled with procedural deficiencies, necessitates remand to ensure Appellant's claims are fairly evaluated.

## V. ARGUMENT

### A. The District Court Erred in Dismissing Appellant's Claims as Time-Barred

#### 1. Equitable Tolling is Justified Based on Mental Health Challenges and Procedural Barriers

The district court failed to apply equitable tolling, which is warranted when extraordinary circumstances prevent timely filing. Appellant's bipolar disorder, social phobia, and acute stress disorder significantly impaired her ability to navigate the grievance process and meet legal deadlines. Courts have recognized mental health challenges as a basis for equitable tolling when they substantially interfere with a plaintiff's ability to assert their rights. See *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1179 (6th Cir. 1995).

In addition, procedural barriers caused by the union's handling of Grievance No. JW20TS and the lack of access to legal representation further justify equitable tolling. Over a dozen attorneys declined to represent Appellant, leaving her to navigate a complex legal process without guidance. This Court has held that equitable tolling may apply where procedural hurdles or a lack of resources delay filing. See *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

2. Appellant's Reliance on Union Representation and Good-Faith Efforts Justify Tolling

Appellant relied on her union to represent her interests and process grievances. The union's withdrawal of Grievance No. JW20TS denied her a fair opportunity to pursue arbitration or other remedies. Good-faith reliance on union representation further supports the application of equitable tolling, as Appellant reasonably believed Bob Tiseo was handling Grievance No. JW20TS.

B. The District Court Erred in Finding Appellant's Claims Unexhausted

1. Appellant Substantially Complied with Administrative Requirements

The district court erroneously dismissed Appellant's claims for failure to exhaust administrative remedies. The appellant made good-faith efforts to comply with administrative requirements when coworkers filed Grievance Nos. TS4142011, BM0114TS, JW10318TS, CC343731, SS13119, SS2719TS, SS21219TS,

9

TS15KK, TS1022JB, JW20TS, when she reported harassment through Ford's

hotline, and when she appealed the withdrawal of Grievance No. JW20TS.

Substantial compliance with procedural requirements is sufficient to satisfy

exhaustion when procedural barriers prevent full compliance. See *Weigel v. Baptist*

*Hosp. of East Tennessee*, 302 F.3d 367, 377 (6th Cir. 2002).

2. Hostile Work Environment and Union Domination Excuse Exhaustion

The hostile work environment at Ford, combined with the union's withdrawal of

Grievance Nos. TS4142011, BM0114TS, JW10318TS, CC343731, SS13119,

SS2719TS, SS21219TS, TS15KK, TS1022JB, and JW20TS reveal that the Union's

objective is not to represent the interests of workers employed in the automobile

manufacturing industry nor act as a collective bargaining agent in relation to the

regulation of wages, hours, and working conditions. See *United States v.*

*International Union, United Automobile, Aerospace, and Agricultural Implement*

*Workers of America*, No. 20-cv-13293 (E.D. Mich.) ECF No. 1, PageID.3 Filed

12/14/20 Page 3 of 41. The UAW representatives, who are Ford Motor Company

employees, created extraordinary circumstances that excused any deficiencies in

exhaustion. Courts recognize that procedural exhaustion may be excused when

systemic barriers or a lack of access to fair representation impede an employee's

ability to pursue administrative remedies. See *Zipes v. Trans World Airlines, Inc.*,

455 U.S. 385, 393 (1982).

## C. Additional Legal Errors Supporting Reversal

### 1. Procedural Due Process Violations

Ford's actions deprived Appellant of procedural due process, which ensures fair treatment before the deprivation of significant interests such as employment. Specifically, Ford failed to:

a) Provide clear and detailed notice of the allegations (e.g., aggravated menacing).

b) Offer Appellant an impartial forum to challenge the allegations.

c) Investigate alternative explanations, such as the possibility that her Facebook account was hacked.

This lack of procedural safeguards denied Appellant her right to respond effectively to the allegations, particularly given her mental health conditions, which further impaired her ability to advocate for herself.

Legal Precedents Supporting Procedural Due Process

- *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985): Public employees have a right to notice and a meaningful opportunity to respond before termination.

- *Vaca v. Sipes*, 386 U.S. 171 (1967): Unions must fairly represent members in grievance processes.

11

The absence of these safeguards violated Appellant's right to due process, warranting reversal of the district court's dismissal.

2. Failure to Accommodate Disabilities

Ford failed to provide reasonable accommodations for Appellant's mental health conditions, including bipolar disorder, social phobia, and acute stress disorder, in violation of the ADA. Terminating Appellant without considering the impact of her disabilities on her behavior constitutes unlawful discrimination.

Under the ADA, employers must engage in an interactive process to identify potential accommodations before taking adverse actions. See *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1179 (6th Cir. 1995) Ford's failure to fulfill this obligation deprived Appellant of her rights under federal law.

3. Retaliation for Protected Activities

Appellant's termination followed her complaints of workplace harassment and discrimination, raising concerns about retaliatory motives. Courts recognize temporal proximity between protected activities and adverse employment actions as evidence of retaliation. See *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

Ford's actions were retaliatory, as evidenced by the timing of the termination and the unfounded allegations of aggravated menacing. Retaliation for engaging in protected activities violates Title VII and the ADA.

12

4. Hostile Work Environment

The pervasive harassment and retaliation Appellant experienced created a hostile work environment in violation of Title VII and the ADA. Ford failed to take appropriate action to address Appellant's and her coworkers' complaints, further exacerbating our toxic environment.

To establish a hostile work environment, the conduct must be severe or pervasive enough to create an abusive working atmosphere. See *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The consistent harassment and retaliation against Appellant meet this standard.

5. Domination Of Our Labor Organization

Ford's Debra Ockerman fully and completely settled Grievance No. JW20TS without precedent, constituting a breach of Section 8(a)(2) of the National Labor Relations Act which makes it unlawful for an employer "to dominate or interfere with the administration of any labor organization." Unions act without discrimination or arbitrary conduct when representing their members. See *Vaca v. Sipes*, 386 U.S. at 190.

By failing to advocate for Appellant's grievance and allowing Ford to terminate her based on unsupported allegations, the union failed to fulfill its obligations, further depriving Appellant of her rights for which she is appealing to Union Administration.

13

6. Failure to Meet the Burden of Proof

Ford failed to provide substantial evidence to support its allegations of aggravated menacing, relying on unauthenticated Facebook posts and speculative interpretations. The lack of credible evidence undermines the legitimacy of Appellant's termination.

The burden of proof in employment-related cases requires substantial evidence to justify termination. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973). Ford's reliance on unverified information fails to meet this standard.

7. Unequal Treatment and Disparate Impact

Ford's actions disproportionately targeted Appellant, a female employee with disabilities, while treating similarly situated male employees more leniently. This unequal treatment violated Title VII and the ADA.

Unequal treatment based on protected characteristics, such as gender or disability, constitutes unlawful discrimination. See *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

8. Futility of Administrative Remedies

The union's handling of Appellant's grievance rendered administrative remedies futile. Courts have held that exhaustion is not required when procedural barriers make further administrative proceedings ineffective. See *McDonald v. West Branch*, 466 U.S. 284, 290 (1984).

14

The withdrawal of Grievance No. JW20TS without Appellant's input denied her access to arbitration, making administrative remedies futile and excusing any deficiencies in exhaustion.

9. Severe Emotional Distress

Ford's actions caused Appellant severe emotional distress, including anxiety, depression, and social isolation. Ohio law recognizes claims for intentional infliction of emotional distress when conduct is extreme and outrageous, and the resulting harm is severe. See *Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983).

The extreme nature of the hostile work environment, combined with the baseless allegations and termination, caused significant harm to Appellant's mental and emotional well-being.

10. Hostile Work Environment and Cognitive Impairment

The severe hostile work environment at Ford impaired the Appellant's ability to think clearly, respond effectively to allegations, and advocate for herself. Persistent harassment, intimidation, and retaliation caused chronic stress, anxiety, and emotional instability, further exacerbating her mental health conditions, including bipolar disorder, social phobia, and acute stress disorder.

These effects are consistent with findings in legal cases such as:

- *Gill v. UNUM Life Insurance Company of America*, where the plaintiff's chronic depression and stress impaired job performance and decision-making.
- *Cardiner v. Provident Life & Accident Insurance Company*, which recognized that severe stress and depression could prevent an individual from fulfilling professional responsibilities.
- *Clay v. Wall*, where chronic stress-related impairments, including anxiety and difficulty comprehending, were considered in evaluating the plaintiff's claims.

The hostile environment not only constituted unlawful conduct under Title VII and the ADA but also contributed significantly to Appellant's severe emotional distress and the denial of her rights to fair treatment and accommodation.

11. Denial of Due Process Protections

The principle of due process ensures that individuals are not deprived of significant interests—such as employment, housing, or family relationships—without proper legal procedures. While due process protections are most often invoked in government actions, the application of these principles extends to employment situations where fundamental fairness is required.

Ford's failure to adhere to procedural safeguards in Appellant's termination highlights a denial of due process. Specifically:

16

1. Failure to Provide Adequate Notice: Ford's Human Resources Manager Ryan Perniciaro accused Appellant of making threatening statements without clear, detailed notice of the specific allegations or the evidence against her.

2. Lack of a Fair Hearing: Appellant was not afforded an opportunity to present her side of the story in a meaningful and impartial forum. Courts have recognized the right to challenge allegations that could damage one's reputation and livelihood. See *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985).

Comparisons to Tenant and Family Law Due Process

- Like tenants who have a right to contest eviction or spouses entitled to hearings in divorce proceedings, employees also deserve procedural protections before deprived of their livelihood. Ford's failure to follow standards undermined the integrity of its disciplinary process.

VI. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Reverse the district court's dismissal order and remand the case for further proceedings.

2. Order judicial review of the Ohio Civil Rights Commission's determinations pursuant to Ohio Revised Code § 4112.06, and reverse or remand the determination for failure to consider material evidence.

17

3. Recognize Appellant's claim for severe emotional distress and remand for appropriate relief.

4. Grant such other relief as this Court deems appropriate.

I, the undersigned Tamara Sobolewski, am over the age 18 and a resident of Lorian Ohio. I declare that, to the best of my knowledge and belief, the information herein is true, correct and complete. Respectfully submitted,

Tamara Sobolewski, Pro Se

1002 Dakota Avenue

Lorain, OH 44052

(440) 452-1982

Dated: 3-10-2025

NOTARY ACKNOWLEGEMENT

_____LORAIN_____, County of Lorain Ohio.

Executed this 10th day of MARCH, 2025.



FELICIA N ANDUJAR
Notary Public
State of Ohio
My Comm. Expires
May 24, 2026

_____
Notary Public

My commission expires May 24, 2026.

18

Office of the Clerk
**United States District Court**
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
CLEVELAND, OHIO 44113-1830
OFFICIAL BUSINESS

  

quadient
FIRST-CLASS MAIL
IMI
$002.59 $^{0}$
03/12/2025 ZIP 44113
043M31260213

RECEIVED
MAR 17 2025
KELLY L. STEPHENS, Clerk

Clerk, U.S. Court of Appeals
Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH. 45202-3988



# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL

PRIORITY MAIL
POSTAGE REQUIRED

Please Recycle

xpected delivery date specified for domestic use.

lost domestic shipments include

SPS Tracking® included for dom

imited international insurance.**

/hen used internationally, a custc

rance does not cover certain items. For
Manual at *http://pe.usps.com*.

e International Mail at *http://pe.u*

AILING ENVEI
R DOMESTIC AND INTERN

o schedule free Package Pickup,
scan the QR code.





**UNITED STATES POSTAL SERVICE.**  *Retail*

**P**  **US POSTAGE PAID**
**$9.35**
Origin: 44052
03/10/25
3845920717-22

**PRIORITY MAIL®**

0 Lb 4.00 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 03/13/25

C017

SHIP
TO:
801 W SUPERIOR AVE
CLEVELAND OH 44113-1829

**USPS TRACKING® #**

9505 5140 4522 5069 6859 91

FROM: 1002 Dakota Ave.
Lorain, OH 44052

TO:

US District Court
Northern District of Ohio
801 West Superior Avenue
Cleveland OH 44113-1830

ng is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. uses may be a violation of federal law. This use/abuse is not for resale. EP14 49 US. Postal Service; March 2020; All rights reserved.