No. 25-3046

**IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

TAMARA L. SOBOLEWSKI,

*Plaintiff-Appellant*,

v.

FORD MOTOR COMPANY

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio, Eastern Division
Honorable J. Philip Calabrese

**Brief for Defendant-Appellee
Ford Motor Company**

Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com

*Attorney for Defendant-Appellee
Ford Motor Company*

## Disclosure of Corporate Affiliations and Financial Interests

Under 6th Cir. R. 26.1, Ford Motor Company makes these disclosures:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?

Answer: No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

Answer: No.

<div style="margin-left:40%">

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com

*Attorney for Defendant-Appellee*
*Ford Motor Company*

</div>

Dated: April 11, 2025

# Table of Contents

Disclosure of Corporate Affiliations and Financial Interests ...................i

Table of Authorities...................................................................iv

Statement Regarding Oral Argument ......................................vi

Statement of Jurisdiction..........................................................1

Statement of Issues Presented..................................................2

Statement of the Case .............................................................3

Standard of Review .................................................................6

Summary of Argument.............................................................6

Argument................................................................................8

    I.    Sobolewski's argument that the Court should
          excuse her untimely claims based on equitable
          tolling is waived, and is wrong. .............................8

          A.    Sobolewski did not raise equitable tolling
                in response to Ford's motion to dismiss in
                the district court, so she may not make
                that argument on appeal. .............................9

          B.    Even if Sobolewski had raised tolling in
                opposition to Ford's motion to dismiss,
                she failed to plead facts supporting tolling
                in her Complaint, as is required..................10

          C.    Even putting aside waiver and the failure
                 to plead tolling, Sobolewski's perfunctory
                appellate arguments would not warrant
                tolling........................................................12

    II.    Sobolewski does not develop any
          argumentation in opposition to the district

court's holding that she failed to state an IIED claim. ................................................................ 16

Conclusion ............................................................. 18

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements............................................

Certificate of Service ..................................................................

Designation of Relevant District Court Documents...................................

# Table of Authorities

## Cases

*Benge v. Johnson*,
474 F.3d 236 (6th Cir. 2007) ................................................................. 13

Coleman v. Hamilton County Board of County
Commissioners,130 F. 4th 593 (6th Cir. 2025)................. 10, 11, 13, 16

*Gabelli v. SEC*,
568 U.S. 442 (2013) .................................................................. 15

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*,
209 F.3d 552 (6th Cir. 2000) ......................................... 12, 15

*Irwin v. Dept. of Veterans Affairs*,
498 U.S. 89 (1990) ................................................................. 12

*Kitchen v. Bauman*,
629 F. App'x 743 (6th Cir. 2015) ......................................... 15

*Meminger v. Ohio State Univ.*,
102 N.E.3d 642 (Ohio App. 2017)........................................ 17

*Peoples v. Hoover*,
377 F. App'x 461 (6th Cir. 2010) .................................... 9, 10

*Porter v. Bondi*,
127 F.4th 993 (6th Cir. 2025)............................................... 17

*Rose v. Dole*,
945 F.2d 1331 (6th Cir. 1991) ............................................. 14

*Saalim v. Walmart, Inc.*,
97 F.4th 995 (6th Cir. 2024)................................................ 16

*Solo v. United Parcel Serv. Co.*,
819 F.3d 788 (6th Cir. 2016) ................................................. 6

*Stiltner v. Hart*,
657 F. App'x 513 (6th Cir. 2016) ......................................... 14

*Truitt v. County of Wayne*,
    148 F.3d 644 (6th Cir. 1998) ............................................................ 13

*United States v. Universal Mgmt. Servs., Inc.*,
    191 F.3d 750 (6th Cir. 1999) ............................................................. 9

*White v. Anchor Motor Freight, Inc.*,
    899 F.2d 555 (6th Cir. 1990) ............................................................. 9

*Wilson v. Grumman Ohio Corp.*,
    815 F.2d 26 (6th Cir. 1987) ............................................................. 14

*Woods v. Sharkin*,
    192 N.E.3d 1174 (Ohio 2022) ........................................................ 17

*Zappone v. United States*,
    870 F.3d 551 (6th Cir. 2017) ........................................................... 10

## Statement Regarding Oral Argument

The district court's dismissal of this case rested on straightforward grounds and well-established law. Oral argument is unnecessary.

## Statement of Jurisdiction

The Court has jurisdiction over this appeal. The district court's judgment was entered on December 26, 2024. R. 15, PageID.1501. Plaintiff-Appellant Sobolewski filed an appellate brief that was construed as a notice of appeal on January 22, 2025 which reflects that she was appealing from the district court's final judgment. *See* R. 16, PageID.1505. This Court thus has jurisdiction to hear the appeal.

## Statement of Issues Presented

1. This Court has long held—even in cases with *pro se* plaintiffs—that a party may not raise a ground for reversal in the Court of Appeals that was not raised before the district court. Here, Plaintiff-Appellant Sobolewski asks this Court to equitably toll the statute of limitations for her untimely claims, but she did not seek such relief in the trial court. Should the Court hold that Sobolewski's equitable tolling argument is waived?

2. This Court has recently reconfirmed that a party seeking equitable tolling must plead facts supporting tolling in her complaint, and that party's appellate brief must rely on such facts when arguing for tolling on appeal. Here, Sobolewski does not plead facts supporting tolling in her complaint, and thus does not cite to such facts in her brief. Should the tolling argument be rejected for this procedural reason too?

3. A request for equitable tolling of federal statutes of limitations is analyzed under the *Truitt* test, which asks whether a party reasonably lacked knowledge of deadlines, was diligent in pursuing her rights, and whether the other party would be prejudiced. Here, Sobolewski had actual knowledge of the deadlines, filed and then abandoned an earlier lawsuit against Ford over these claims, which are many years untimely. Is federal tolling unavailable for these reasons?

4. A party's request to toll a state-law statute of limitations is governed by state law. In Ohio, tolling generally requires proof that the defendant tricked or misled the plaintiff into not filing timely claims. Sobolewski makes no such argument. Should state-law tolling be denied for this reason?

5. Ohio courts routinely dismiss claims for intentional infliction of emotional distress arising from alleged wrongful termination following a workplace investigation. But, at best, that is all Sobolewski alleges here. Should the district court's dismissal of her IIED claim be affirmed?

## Statement of the Case

Defendant-Appellee Ford Motor Company terminated Plaintiff-Appellant Tamara Sobolewski on March 2, 2020 after she posted threatening messages on social media during her work shift. R. 1, Complaint, PageID.9, 12; R. 6-1, Pl's Exs. to Complaint, PageID.815 & PageID.1074. Specifically, Sobolewski posted that she would "just shoot people" and would "line them up and shoot them." *Id.*

Since then, Sobolewski has filed several administrative claims and lawsuits against Ford related to her employment and termination. *See* R. 1, PageID.42; R. 6-1, PageID.1278-1364. These include:

- Multiple filings in February and March 2020 with the Department of Labor Office of Federal Contract Compliance Programs alleging harassment and wrongful termination; the case was transferred to the EEOC and dismissed on October 6, 2020. *See* R. 6-1, PageID.1294-1303, 1322.

- A May 2020 employment charge of discrimination filed with the Ohio Civil Rights Commission ("OCRC"), alleging sex, gender, disability, age, and religious discrimination, and retaliation, based on her termination and pre-termination events. R. 6-1, PageID.1310-1312. The OCRC dismissed the charge in February 2021, finding that the "investigation supported that [Sobolewski] was released for making threats against employees on social media." *Id.*, PageID.1335-1336.

- A second OCRC charge in 2021; in April 2021 the OCRC found that the charge was untimely and/or raised issues already addressed in a previous determination and reiterated that finding after a request for reconsideration. R. 9-5, PageID.1432-1433; R. 6-1, PageID.1343.

- A January 2021 lawsuit in the United States District Court for the Northern District of Ohio for discrimination and retaliation arising from her March 2, 2020 termination. *See Sobolewski v. Ford Motor Co.*, Case No. 1-21-cv-00089-JPC, ECF No. 1 (Complaint). The district court dismissed the lawsuit on April 15, 2022, after Sobolewski failed to properly serve Ford, and then failed to prosecute the case thereafter. *Id.*, ECF No. 17.

- A third OCRC charge against Ford in August 2023. R. 9-8, PageID.1445-1447. It was dismissed on March 21, 2024, with the OCRC finding that Sobolewski "has not been employed by Respondent since 2020" and that her "allegations regarding her termination and alleged prior harms were previously investigated and dismissed by the Commission." *Id.*, PageID.1448-1449.

Sobolewski filed this lawsuit on August 15, 2024—nearly four and a half years after her termination, over three years from the EEOC and OCRC's dismissals of her initial administrative charges, and over two years after the dismissal of her first federal lawsuit against Ford. *See* R.1, PageID.1. The Complaint did not contain separate counts setting forth her theories of relief as required by Federal Rule 10(b), and she

only specifically referenced violations of federal statutes, including

§ 301 of the Labor Management Relations Act, Title VII, the Americans

with Disabilities Act, and the Age Discrimination in Employment Act.

*See id.*, PageID.1-2.

Ford moved to dismiss for failure to state a claim, noting that the

federal employment claims she identified were time-barred or

unexhausted. R. 9, PageID.1370-1384. Sobolewski filed an opposition

brief that—as relevant on this appeal—did *not* argue that equitable

tolling should excuse the untimeliness of her claims. *See* R. 12,

PageID.1452-1458.

The district court construed Sobolewski's complaint as stating

claims for (1) Title VII violations; (2) a claim for breach of the collective

bargaining agreement under § 301 of the Labor Management Relations

Act; (3) judicial review of the OCRC's three decisions; and (4) a claim for

intentional infliction of emotional distress (IIED).[1] R. 14, PageID.1494.

It then held (1) the Title VII claim was untimely, as Sobolewski filed

---

[1]The district court did not explain the basis for its conclusion that
Sobolewski alleged state-law claims, despite Sobolewski's complaint only
specifically identified violations of federal statutes. *See generally* R. 14.
Nonetheless, Sobolewski does not, on appeal, present any argument
disputing the district court's characterization of her claims.

the lawsuit more than 90 days after receiving a right-to-sue letter; (2) the § 301 claim was untimely given the six-month statute of limitations for such claims; (3) the petition for judicial review of the OCRC order was untimely, as such petitions must be filed within 30 days of the commission's final order; and (4) that Sobolewski had not pled facts supporting an IIED claim as a matter of law. R.14, PageID.1495-1499.

The district court entered judgment in Ford's favor on December 26, 2024. R. 15, PageID.1501. Sobolewski appealed on January 22, 2025. R. 16, PageID.1502.

## Standard of Review

A "district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo." *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 793 (6th Cir. 2016).

## Summary of Argument

The district court found that Sobolewski's federal and state-law employment claims were time-barred, and her IIED claim did not state a claim as a matter of law.

Sobolewski's appellate brief does not challenge the holding that her employment claims were untimely. Instead, she largely argues that the

district court should have applied equitable tolling to save her untimely claims. She is not entitled to tolling for many reasons:

1.    Sobolewski did not argue that she should be entitled to equitable tolling in her district-court briefing. This Court has routinely held that it will not reverse a district court on grounds that a party did not present to the district court and regularly enforces this rule against *pro se* parties. Sobolewski's equitable tolling arguments are thus waived.

2.    A party seeking to rely on equitable tolling to excuse untimely claims must set forth the facts supporting tolling in her complaint. Sobolewski's district-court complaint, however, does not ask for tolling or plead any facts supporting tolling. It fails for this reason too.

3.    To toll federal claims, a party must show that she lacked knowledge of the deadlines, was diligent in pursuing rights, and a lack of prejudice to the opposing party. Sobolewski offers no arguments on these points, nor could she. She had actual knowledge of the deadlines. She was not diligent; she sued Ford on these claims years ago, with that suit dismissed for failure to prosecute. And Ford would be prejudiced if forced to defend against claims that became time-barred years ago.

4.     State-law tolling is governed by state law. Ohio requires evidence that the opposing party tricked or misled the plaintiff into not filing timely claims. Sobolewski makes no such allegations here.

Finally, Sobolewski does not develop any argument that the district court erred in finding that her complaint did not state an Ohio IIED claim. She has waived such an argument. In any event, the district court was correct. Ohio courts routinely dismiss IIED claims arising out of alleged wrongful termination following a workplace investigation, and that is all Sobolewski alleges here.

## Argument

### I.     Sobolewski's argument that the Court should excuse her untimely claims based on equitable tolling is waived, and is wrong.

In her appeal, Sobolewski does not dispute the district court's characterization of her claims, *or* that (1) the statute of limitations for a Title VII lawsuit is 90 days; (2) that a party must seek judicial review of an OCRC determination within 30 days of the commission's final order; or (3) that the statute of limitations for a § 301 claim is 6 months. *See* Appellate Docket #6, App. Br., at pp. 10-11 (summary of argument). Nor does she deny that she filed this lawsuit *years* after those deadlines

elapsed. *Id.* Instead, she argues that equitable tolling saves her untimely employment claims. That argument has been waived, but it is meritless in any event.

### A. Sobolewski did not raise equitable tolling in response to Ford's motion to dismiss in the district court, so she may not make that argument on appeal.

As a rule, this Court "will not decide issues or claims not litigated before the district court." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990). Thus, when an "issue was not raised in the district court," an appellant "waive[s] their right to argue the point on appeal." *United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 759 (6th Cir. 1999). The Court "enforce[s] this rule regularly against *pro se* litigants," even though such parties are often held to less stringent requirements than counseled parties. *Peoples v. Hoover*, 377 F. App'x 461, 462–63 (6th Cir. 2010). This is so because—*pro se* party or not—it would be difficult to "explain[] to a district court why it should be reversed based on a ground never presented to it." *Id.*

Under this authority, Sobolewski has waived her equitable tolling claims. Although Ford premised its motion to dismiss Sobolewski's complaint based on untimeliness, Sobolewski did not mention equitable

tolling, let alone argue that any untimeliness should be excused because of equitable tolling. *See supra* at 5. Sobolewski's waiver is particularly egregious because a district court's decision on whether to apply tolling is generally subject to an abuse-of-discretion standard. *See Zappone v. United States*, 870 F.3d 551, 555 (6th Cir. 2017). Here, Sobolewski's tolling claims rest on factual allegations that she was unable to timely file her claims—allegations the district court never had a chance to review. If it is difficult to explain to a district court that it committed a legal error on an unpreserved point, *see Peoples*, 377 F. App'x at 463, it would be nigh impossible to tell that court it abused its discretion by not applying fact-based tolling to a party who never asked for it.

### B.    Even if Sobolewski had raised tolling in opposition to Ford's motion to dismiss, she failed to plead facts supporting tolling in her Complaint, as is required.

Sobolewski's equitable tolling arguments should be held waived for yet another procedural reason: she did not seek equitable tolling in her Complaint and did not set forth factual allegations supporting tolling in her Complaint. This Court's recent opinion in *Coleman v. Hamilton County Board of County Commissioners* is directly on point. 130 F. 4th 593 (6th Cir. 2025).

In *Coleman*, the plaintiff appealed the dismissal of her claims as untimely by raising, for the first time on appeal, an equitable tolling argument. *Id.* at 606-07. This Court noted, however, that since the case was on appeal from a motion to dismiss, the plaintiff could not rely on appellate arguments for tolling, but had to rely on the facts pled in her complaint. *Id.* The Court also held that the party's appellate brief did not address the substantive law applicable to equitable tolling, let alone the distinct standards for tolling a federal claim versus an Ohio state-law claim. *Id.* Because the appellant's brief did not cite the district-court complaint or offer substantive argument on tolling, she did not meet her burden to show that the doctrine applied. *Id.* at 607-08.

The same is true here. On appeal, Sobolewski claims that she could not timely file her discrimination lawsuits because she had a mental health condition, because she could not hire counsel, and because of some unspecified "barrier" caused by her union. *See* Appellant's Br. at 11-12. But her brief does not cite to her Complaint, which is unsurprising given that it does not mention equitable tolling or set forth facts supporting a claim that mental health or other barriers

*prevented* her from filing timely lawsuits.[2] Similarly, she does not set forth the legal factors supporting equitable tolling under either federal or state law. Just as in *Coleman*, these procedural errors alone warrant rejection of Sobolewski's newfound tolling argument.

### C. Even putting aside waiver and the failure to plead tolling, Sobolewski's perfunctory appellate arguments would not warrant tolling.

Even putting aside waiver, Sobolewski has no substantive basis to demand equitable tolling, whether under federal or state law.

### 1. Sobolewski cannot establish an entitlement to tolling of the statutes of limitations for her federal claims.

In the federal courts, tolling is a doctrine granted "only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95–96 (1990). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). This Court recently reiterated that federal tolling claims are governed by

---

[2]If anything, her complaint contradicts her newfound tolling claim: she pled that she *did* timely exhaust her remedies, and she provided an affidavit identifying all the charges she was able to file over the years, and the 2021 federal lawsuit she filed against Ford in 2021. R.1, PageID.42, ¶ 197; R. 6-1, PageID.1278-1271.

*Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998). *See Coleman, supra*, 130 F. 4th at 607.

Under *Truitt*, a district court looks to five, non-exhaustive factors in assessing a tolling claim: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing rights; (4) absence of prejudice to the defendant; and (5) reasonableness in remaining ignorant of the rules. *Truitt*, 148 F.3d at 648. Sobolewski does not cite *Truitt* or any of the *Truitt* factors in her brief, and her failure to develop that argument is itself a waiver. *Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007). In any event, she could not satisfy the *Truitt* test.

For one thing, Sobolewski's own complaint confirms that she had *actual* notice of the filing deadlines, provided not just by the EEOC and OCRC themselves, but by lawyers she had consulted. *See, e.g.*, R. 6-1, PageID.1138, 1142, 1148, 1322, 1323. This actual knowledge means she cannot meet the first, second, or fifth prongs of the *Truitt* test.

More importantly, this Court's case law confirms that she was not diligent as a matter of law. Sobolewski sued Ford in January 2021, but the case was dismissed because she failed to properly serve Ford. *Supra*

at 4. This Court has held—in a case involving a nearly identical fact pattern involving a *pro se* Title VII plaintiff—that a party's inability to serve a defendant reflects a lack of diligence and that equitable tolling is not available in a second, subsequent lawsuit. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28-29 (6th Cir. 1987) (per curiam). And it is "well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (*per curiam*). But here, Sobolewski knew enough to sue in 2021, abandoned that suit, and then inexplicably waited years to try again. *A fortiori*, her claim to tolling based on unexplained "procedural hurdles," "barriers," or an inability to obtain counsel fails as a matter of law.

Nor can Sobolewski obtain tolling because she claims (without elaboration) that she has mental health concerns. To excuse a lack of diligence on such grounds, a party must show that she suffered from mental *incompetence* that rendered her "unable rationally or factually to personally understand the need to timely file," *and* that mental incompetence must be the but-for cause of missing the deadline. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016). Sobolewski does not argue that she meets this standard, and—again—the fact that she has

managed to file multiple administrative charges and a lawsuit in the last four years means that she could not establish mental-health tolling as a matter of law. *See Kitchen v. Bauman*, 629 F. App'x 743, 748 (6th Cir. 2015) ("the fact that [the petitioner] was able to file a civil action in federal court… demonstrates that any mental incompetency did not prevent him from pursuing his legal rights in a timely, albeit unsuccessful, manner.")

And finally, Ford would be highly prejudiced by tolling, given the five-plus years that have elapsed since Sobolewski was terminated. *See Gabelli v. SEC*, 568 U.S. 442, 448 (2013) ("Statutes of limitations are intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") (cleaned up). Nor would a lack of prejudice alone support tolling, given the lack of diligence by Sobolewski. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 562 n. 12 (6th Cir. 2000) (absence of prejudice alone is not an independent basis for tolling).

### 2. Sobolewski does not address the even higher standard required to toll state-law claims.

"This Court applies state equitable tolling doctrine to claims arising from state law." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1012 (6th Cir. 2024); *Coleman*, 130 F.4th at 607. In Ohio, tolling "is generally limited to circumstances in which a litigant is intentionally misled or tricked into missing the filing deadline." *Saalim*, 97 F.4th at 1012.

Here, Sobolewski does not cite any authority supporting tolling of the statute of limitations for her state-law claims, let alone argue that anyone intentionally misled or tricked her into not filing timely claims. Her newfound request for tolling of state-law limitations periods fails.

## II. Sobolewski does not develop any argumentation in opposition to the district court's holding that she failed to state an IIED claim.

Finally, the district court ruled that although it construed Sobolewski's complaint to plead an Ohio IIED claim, it held that she did not set forth sufficient allegations to support such a claim. R. 14, PageID.1498-1499.

In response, Sobolewski merely states in a single sentence that "Ohio law recognizes claims for intentional infliction of emotional distress when conduct is extreme and outrageous." App. Br. 18. She

does not, however, develop any argument as to why her complaint states facts sufficient to give rise to a plausible claim of IIED under Ohio law. *See id.* This Court has consistently held that issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" are "considered forfeited. *Porter v. Bondi*, 127 F.4th 993, 999 (6th Cir. 2025) (cleaned up) (citing cases). Sobolewski has thus forfeited review of the district court's IIED ruling.

In any event, the district court was correct. In Ohio, IIED has four elements: (1) that "the defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress"; (2) conduct "so extreme and outrageous" that it "went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community," (3) causation, and (4) "serious mental anguish of a nature no reasonable person could be expected to endure." *Woods v. Sharkin*, 192 N.E.3d 1174, 1200 (Ohio 2022). Courts routinely dismiss IIED claims "in the context of an employee's termination following an investigation into purported workplace wrongdoing" because they do not rise to this standard. *Meminger v. Ohio State Univ.*, 102 N.E.3d 642, 646-648 (Ohio App. 2017) (citing cases).

Sobolewski's complaint comes nowhere close to alleging these elements. The gist of her complaint is that she feels aggrieved because Ford terminated her after an investigation into misconduct. *See* R. 1, PageID.9-12. Where she discusses emotional distress at all, it is in the context of even *earlier* incidents—some over a decade old—where she was found to have engaged in poor workmanship or otherwise violated plant rules, causing her to feel "humiliated." *See, e.g.*, R.1, PageID.16 ¶ 69-70; PageID.25 ¶ 113; PageID.29 ¶ 135; PageID.30 ¶ 138). As the district court held, these allegations fall far short of what Ohio requires. The district court's dismissal of the IIED claims should be affirmed.[3]

## Conclusion

The district court's judgment should be affirmed.

---

[3] The remainder of Sobolewski's brief merely rehashes her complaint's substantive claims, rather than addressing the district court's grounds for dismissal. Those arguments are thus irrelevant.

Respectfully submitted,

> _/s/Thomas J. Davis_
> Thomas J. Davis (P78626)
> KIENBAUM HARDY VIVIANO
> PELTON & FORREST, P.L.C.
> 280 N. Old Woodward Avenue
> Suite 400
> Birmingham, Michigan 48009
> (248) 645-0000
> tdavis@khvpf.com

Dated: April 11, 2025

> _Attorney for Defendant-Appellee_
> _Ford Motor Company_

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

I hereby certify in accordance with Fed. R. App. P. 32(g) and 6th Cir. Rule 32, that this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7). Per that rule, type-volume limitations apply only if the principal brief does not exceed 30 pages. But this brief does not exceed 30 pages, even before excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b)(1).

This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Century Schoolbook, which is a proportionally spaced typeface with serifs.

Respectfully submitted,

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com

*Attorney for Defendant-Appellee*
*Ford Motor Company*

Dated: April 11, 2025

## Certificate of Service

I hereby certify that on April 11, 2025, this Brief for Defendant-Appellee Ford Motor Company was served electronically via the Court's CM/ECF electronic filing system upon all parties and counsel of record.

/s/*Thomas J. Davis*
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 North Old Woodward, Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com

## Designation of Relevant District Court Documents

Defendants-Appellee Ford Motor Company, under 6th Cir. R. 28(b), hereby designate the following documents in the District Court's record as relevant to the appeal:

| Description of Entry | Docket Entry Number ("R.") | Page ID Range |
|---|---|---|
| Complaint | 1 | 1-43 |
| Redacted Exhibits to Plaintiff's Complaint | 6-1 | 722-1364 |
| Ford's Motion to Dismiss for Failure to State a Claim | 9 | 1370-1384 |
| April 1, 2021 OCRC Letter of Determination | 9-5 | 1432-1433 |
| 2023 OCRC Charge and March 21, 2024 Letter of Determination | 9-8 | 1445-1449 |
| Sobolewski's Opposition to Motion to Dismiss for Failure to State a Claim | 12 | 1452-1458 |
| Opinion and Order | 14 | 1492-1500 |
| Judgment | 15 | 1501 |
| Notice of Appeal | 16 | 1502-1519 |