**NOT RECOMMENDED FOR PUBLICATION**

No. 25-3046

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 30, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| TAMARA L. SOBOLEWSKI, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| FORD MOTOR COMPANY, | ) OHIO |
| | ) |
| Defendant-Appellee. | ) |

O R D E R

Before: SUTTON, Chief Judge; BATCHELDER and NALBANDIAN, Circuit Judges.

Tamara L. Sobolewski, proceeding pro se, appeals the district court's judgment dismissing her employment-discrimination suit against her former employer, Ford Motor Company. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm.

Sobolewski sued Ford, alleging that she suffered years of harassment while working at one of its plants and that Ford discriminated and retaliated against her and breached a Collective Bargaining Agreement (CBA) when it permitted the harassment and terminated her employment for posting a threat on social media. According to Sobolewski, she did not post the threat, and Ford did not properly investigate her claim that her social media account had been hacked.

Ford moved to dismiss the complaint, arguing that Sobolewski's claims were untimely and unexhausted. The district court construed the complaint as raising four claims: "(1) violation of Title VII [of the Civil Rights Act of 1964], (2) breach of the [CBA], (3) [a request for] judicial review of the Ohio Civil Rights Commission's three decisions, and (4) a State-law claim for intentional infliction of emotional distress." It granted Ford's motion to dismiss, finding that

Sobolewski's Title VII claim, CBA-breach claim, and request to review the Ohio Civil Rights Commission's decisions were untimely and that Sobolewski's allegations failed to state a claim under Ohio law for intentional infliction of emotional distress.

On appeal, Sobolewski argues that the district court should not have dismissed her untimely claims, because her "mental health challenges, reliance on union representation, and diligent efforts to secure legal counsel" warrant equitable tolling. She also argues that her claims were exhausted, or that the district court should have excused her failure to exhaust administrative remedies. Sobolewski contends that the district court erred by failing to address her due process claims, her National Labor Relations Act claims, and her disability-discrimination and retaliation claims that she raised under the Americans with Disabilities Act (ADA) and Title VII. Finally, Sobolewksi contends that she adequately pleaded a claim of intentional infliction of emotional distress.

We review de novo the district court's judgment dismissing Sobolewski's claims under Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Montgomery*, 140 F.4th 335, 339 (6th Cir. 2025).

I.   *Timeliness/Exhaustion*

Sobolewski does not dispute the district court's conclusion that her Title VII and CBA-breach claims, and her challenges to the Ohio Civil Rights Commission's decisions, are untimely. Rather, she contends that the filing deadlines should be equitably tolled. In support of her plea for equitable tolling, she cites mental-health issues—bipolar disorder, social phobia, and acute stress disorder which created a need to rely on union representation to pursue her claims—and her inability to obtain counsel. But despite responding to Ford's motion to dismiss, Sobolewski did not raise an equitable-tolling argument in the district court. Because Sobolewski's brief does not explain how any of her mental-health issues directly affected her ability to comply with the filing deadlines, failing to address these arguments would not result in a miscarriage of justice, and so we decline to consider Sobolewski's equitable-tolling argument for the first time

on appeal. *See Franklin v. Franklin County*, 115 F.4th 461, 479 (6th Cir. 2024); *Smith v. Nationstar Mortg., LLC*, 756 F. App'x 532, 535 (6th Cir. 2018).

Sobolewski also argues that her claims were exhausted, but the district court did not dismiss any claims as unexhausted; rather, it found that Sobolewski's first three claims were untimely and her final claim, intentional-infliction-of-emotional-distress, was factually unsupported.

## II. Failure to Address Claims

Sobolewski next contends that the district court failed to address her disability discrimination and retaliation claims brought under the ADA and Title VII, her due process claim, and her union interference claim.

Timeliness bars Sobolewski's Title VII and ADA claims. A plaintiff must bring a Title VII claim within ninety days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission. *Alexander v. Loc. 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 412–13 (6th Cir. 1999). The same is true of the ADA, which borrows the "powers, remedies, and procedures set forth in" Title VII. 42 U.S.C. § 12117(a); *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 520 (6th Cir. 2021). But as the district court noted and Sobolewski doesn't contest, she filed her complaint three years after receiving her right-to-sue letter. Because her former claims are untimely, her latter ones are too.

Her other claims fail too. Sobolewski could not assert a due process claim against Ford because it is a private entity. *See Mares v. Miami Valley Hosp.*, 96 F.4th 945, 954 n.5 (6th Cir. 2024). And she never presented her final claim—that Ford interfered with union operations in violation of § 8(a)(2) of the National Labor Relations Act—in her complaint before the district court. We decline to give it fresh review on appeal.

## III. Intentional Infliction of Emotional Distress

Finally, Sobolewski argues that she adequately pleaded an intentional-infliction-of-emotional-distress claim. Under Ohio law, to plead a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) that the defendant intended to cause [her] serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's

conduct was the proximate cause of [her] serious emotional distress." *Licitri v. DiBaggio*, 238 N.E.3d 1017, 1022 (Ohio Ct. App. 2024) (quoting *Thomas v. Thomas*, No. 27153, 2014 WL 1632117, at *2 (Ohio Ct. App. Apr. 23, 2014)). On appeal, Sobolewski cites "false allegations and termination without cause" as "extreme and outrageous" conduct. She also points to Ford's alleged failure "to take appropriate action to address [employee] complaints" and "pervasive harassment and retaliation."

The district court properly found that "the events at issue fall far short of the standard that Ohio law requires." Indeed, the law requires conduct that is "so extreme and outrageous as to go beyond all possible bounds of decency and . . . considered utterly intolerable in a civilized community." *Rice v. Cuyahoga Cnty. Dep't of Just.*, 970 N.E.2d 470, 482 (Ohio Ct. App. 2005). Sobolewski's claim is based on allegations of unfavorable resolutions of grievances and investigations, unspecified "target[ing]" and "treatment of injured employees," discipline for work-rule violations, temporary overcompensation of employees who agreed to forego breaks, other employees' reports of intimidation and retaliation, witnessing a shouting match between two other employees, one of whom was disciplined for his behavior, questioning about job-related social media posts, being repeatedly reassigned to different jobs over an approximately one-month period, and threats to terminate her employment if she did not report to work. These allegations, even considered cumulatively, do not rise to the level of severity required to state a claim for intentional infliction of emotional distress under Ohio law. *See id.*; *Daly v. Certo*, __ N.E.3d __, No. 30082, 2025 WL 352639, at *13 (Ohio Ct. App. Jan. 31, 2025) ("Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." (citation modified)).

For the foregoing reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk